IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMOND LEWIS**                                                           **PETITIONER**

v.                                                         **CIVIL NO. 1:24cv60-HSO-BWR**

**JOHN LEDBETTER, Sheriff of**
**Jackson County, Mississippi, et al.**                        **RESPONDENTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

BEFORE THE COURT is pro se Petitioner Armond Lewis' Petition [6] for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Lewis is a pre-trial inmate presently incarcerated at the Jackson County Adult Detention Center in Pascagoula, Mississippi. Pet. [6] at 1. He challenges his criminal charges of three counts of transfer of a controlled substance and two counts of a possession of a controlled substance pending in the Circuit Court of Jackson County, Mississippi. Pet'r's Resp. [8] at 1. After reviewing Lewis' Petition [6] and his Response [8] in conjunction with the relevant legal authority, the Court concludes that Lewis' Petition should be denied.

### I.    BACKGROUND

Lewis asserts five grounds for habeas relief. He claims: (1) that his due process rights were violated; (2) that his Fourteenth Amendment right of equal protection was violated; (3) that he "was not given fund[a]mental rights" required by the State; (4) that his right to be free from discrimination was violated; and (5) that the Mississippi Rules of Circuit and County Court have been violated. Pet. [6] at 6–8. Lewis seeks "release for lack of due diligence of the Court" and

"$199,000.00 for punitive damages & discrimination, and payment of what the county received for my incarceration."  *Id*. at 7.

## II. DISCUSSION

A pre-trial prisoner's challenge to his incarceration is properly brought pursuant to 28 U.S.C. § 2241.  *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). While a pre-trial prisoner has the right to seek federal habeas relief, the availability of such relief is limited.  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)).  Federal habeas relief is not available to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Id*. at 493.  A pre-trial prisoner who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus."  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

Lewis seeks "release for lack of due diligence of the Court."  Pet. [6] at 7.  He states that he "is represented by a court[-]appointed public defender," and his state trial date is July 23, 2024.  Pet'r's Resp. [8] at 1.  Lewis does not identify any

special circumstances necessitating federal court intervention or disruption of the state's judicial process. To permit Lewis to "assert an affirmative defense" to his pending charges prior to a judgment of conviction by the state court "would short circuit the judicial machinery of the state courts." *Brown*, 530 F.2d at 1283 (internal quotations omitted). The Court concludes that pre-trial habeas corpus relief is unwarranted. *See id.; Dickerson*, 816 F.2d at 227. Lewis' request for habeas corpus relief pursuant to § 2241 should be denied.

Finally, the sole function of a habeas petition is to obtain relief from unlawful imprisonment or custody; it cannot be used properly for any other purpose. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). The relief of damages requested by Lewis is simply not available by way of a writ of habeas corpus.[1]

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is DISMISSED WITHOUT PREJUDICE. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the 27th day of June, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] Lewis' habeas claims were severed from his § 1983 claims seeking monetary damages. Order [1] at 1–2. Lewis' § 1983 claims for damages are proceeding in *Lewis v. Jackson Cnty., et al*, No. 1:24cv23-TBM-RPM (S.D. Miss. filed Jan. 25, 2024).